# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JOSHUA R. WILLIAMS**
**United States Army, Appellant**

ARMY 20110108

Fort Campbell Installation
Timothy Grammel, Military Judge
Lieutenant Colonel Joseph B. Morse, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Barbara A. Snow-Martone, JA (on brief). Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Barbara A. Snow-Martone, JA (reply brief).

For Appellee: Major Ellen S. Jennings, JA; Major Katherine S. Gowel, JA; Lieutenant Colonel John C. Lynch, JA; (on brief).

11 June 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

YOB, Judge:

A military judge sitting as a special court-martial convicted appellant, contrary to his plea, of wrongfully and unlawfully uttering a check for the procurement of a thing of value with the intent to defraud, in violation of Article 123a, Uniform Code of Military Justice, 10 U.S.C. § 923a (2006) [hereinafter UCMJ]. Appellant was sentenced to a bad-conduct discharge, to be confined for four months, and to forfeit $978.00 pay per month for four months. The convening authority approved the findings and sentence.

This case is before this Court for review pursuant to Article 66, UCMJ. Appellant contends the evidence is factually insufficient to support the military judge's finding of guilt, because the evidence failed to prove beyond a reasonable doubt that appellant uttered the check in question, that the check was returned for

insufficient funds, or that appellant had knowledge there were insufficient funds in his account to cover the amount of the check at the time the check was uttered.

## BACKGROUND

Charges referred against appellant in this case included Article 81, UCMJ, for conspiring with his wife to violate Article 123a, UCMJ, by wrongfully uttering checks to the Army and Air Force Exchange Service [hereinafter AAFES], as well as Article 123a, UCMJ, for wrongfully uttering forty-three checks to AAFES between 25 November 2009 and 19 January 2010 for the procurement of a thing of value with the intent to defraud and with knowledge at the time of uttering that he did not or would not have sufficient funds in his bank account to cover these checks when presented for payment. The military judge dismissed Charge I, the conspiracy charge, upon motion of appellant's trial defense counsel after arraignment but prior to entry of pleas. In regards to Charge II, the military judge ultimately found appellant not guilty of forty-two of the forty-three check offenses listed in the second charge, but did find appellant guilty of an Article 123a, UCMJ offense for wrongfully uttering a single check, numbered 1330, to AAFES on 6 December 2009.

At trial, evidence presented by the government relevant to Check 1330 indicated this check was linked to a joint account maintained by appellant and his wife. Documentary records from the bank maintaining the account and testimony from a bank representative indicated the checking account had overdraft protection in that it could draw on appellant's savings account to cover insufficient funds in the checking account. Check 1330 was made out in the amount of $300.00 and presented to AAFES on 6 December 2009. The check bore the name of appellant in its signature block, although this signature does not appear to match the signature appellant provided to the bank when he initiated the account. Records from AAFES indicated Check 1330 was returned from the bank without payment.

The only witness from AAFES who testified was their Return Check Supervisor. He stated that AAFES records showed the bank returned Check 1330 for a "nonstandard reason" which indicated there was something on the check the bank could not identify. He also stated that AAFES policy is for cashiers to use a person's identification card to verify the identity of a person paying by check, but that he could not confirm that cashiers actually do this each and every time they receive a check. Several military witnesses testified they cashed checked at AAFES as a favor for appellant and his wife after appellant told them his wallet, debit card, or other identification cards were missing and he could not cash checks for himself.

## LAW AND DISCUSSION

To establish guilt for wrongfully uttering a check under Article 123a, UCMJ, the government must prove each of the following elements beyond a reasonable doubt:

(1) That the accused…uttered…a check…for the payment of money payable to a named person or organization;

(2) That the accused did so for the purpose of procuring an article or thing of value;

(3) That the act was committed with the intent to defraud; and,

(4) That at the time of…uttering…the accused knew that the accused or maker or drawer had not or would not have sufficient funds in, or credit with, the bank or other depository for the payment thereof upon presentment.

*Manual for Courts-Martial*, *United States* (2008 ed.), pt. IV, ¶ 49.b.

Article 66, UCMJ, provides that a Court of Criminal Appeals "may affirm only such findings of guilty…as it finds correct in law and fact." In performing our duty, we must conduct a de novo review of both the legal and factual sufficiency of appellant's conviction. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for factual sufficiency "involves a fresh, impartial look at the evidence, giving no deference to the decision of the trial court on factual sufficiency beyond the admonition in Article 66(c), UCMJ, to take into account the fact that the trial court saw and heard the witnesses." *Id.*

Under the unique facts of this case, we find the government did not meet its burden of proof on the elements of Article 123a, UCMJ. While AAFES may have a policy that cashiers must confirm the identity of those cashing checks, there is nothing to prove the policy was followed in this case. The government offered no evidence to explain the apparent discrepancy between the signature on Check 1330 and appellant's signature on his bank account application. Appellant maintained a joint account with his wife, and he told others he recently lost his identification, allowing for the possibility that his wife or another person could have uttered the check in appellant's place.

Even if there were sufficient evidence to show appellant uttered Check 1330 to AAFES, there would be insufficient evidence to conclude beyond a reasonable doubt that appellant uttered the check with intent to defraud AAFES and had knowledge of insufficient funds to cover payment of this check. The evidence

indicated the bank returned Check 1330 to AAFES for a "non-standard reason" and not due to insufficient funds. In addition, there was evidence that appellant's account had overdraft protection with access to his savings account, and no indication appellant had actual notice of insufficient funds in his checking or savings accounts.

## CONCLUSION

The findings of guilty of the Specification of Charge II and Charge II are set aside and dismissed. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ, arts. 58b(c) and 75(a).

Senior Judge SIMS and Judge ALDYKIEWICZ concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court